IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE LEE DAVIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| DONALD T. VAUGHN, et al. | : | NO. 02-3595 |

ORDER

AND NOW, this         day of                    2002, it appearing that petitioner has filed the above-captioned petition in this court for habeas corpus relief pursuant to 28 U.S.C. §2254, which raises three alleged grounds for such relief, and,

it further appearing that the petitioner has filed a previous petition in this court pursuant to 28 U.S.C. §2254, labeled 95-cv-1729, which attacked the same conviction and which raised four claims, including the same claim presented in claim three of 02-cv-3595 (concerning the alleged eyewitness testimony of the son of the person petitioner was convicted of murdering), and that this claim was considered and denied on the merits, and,

it further appearing that on April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, became law, which provides in relevant part that federal courts must dismiss claims in a second or successive petition that were presented in a prior petition, and that federal courts must dismiss claims in a second or successive petition that were not presented in a prior petition unless:

(1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty, and

it further appearing that before such a second or successive petition may be filed in the district court, however, the petitioner must obtain an Order from the Court of Appeals authorizing the district court to consider the petition, and that the court of appeals may issue the Order only if it determines that the petition makes a prima facie showing that it satisfies either (1) or (2) above, it is hereby

ORDERED that claim three of this civil action is DISMISSED WITH PREJUDICE, and, it is further

ORDERED that claims one and two of this civil action are DISMISSED WITHOUT PREJUDICE to petitioner's right to seek an Order from the United States Court of Appeals for the Third Circuit authorizing this court to consider these claims.

_____
JOHN R. PADOVA, J.